IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## ERCIL K. GATES-RAYFORD v. HILTON HALL, JR. WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 2019-CR-153   Joe H. Walker, III, Judge**

_____

### No. W2019-01987-CCA-R3-HC

_____

The Petitioner, Ercil K. Gates-Rayford,[1] appeals the denial of his petition for writ of habeas corpus. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. app. P 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Ercil K. Gates-Rayford, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 6, 1992, the Petitioner pled guilty to one count of especially aggravated robbery and eleven counts of aggravated robbery. The Petitioner received a sentence of ten years for each aggravated robbery conviction, to be served concurrently with each other and consecutively with a sentence of twenty years for the especially

_____

[1] The judgment forms list the Petitioner's name as "Ercil Gates." In a prior habeas proceeding, the Petitioner used the name "Ercil Rayford." *See Ercil K. Rayford v. Tennessee Bd. of Parole*, No. W2018-00863-CCA-R3-HC, 2019 WL 328418 (Tenn. Crim. App. Jan. 23, 2019), *perm. app. denied* (Tenn. Apr. 15, 2019). The Petitioner listed both names on the petition filed in this case and used the hyphenated name on other documents filed in both the trial court and this Court.

aggravated robbery conviction, for a total effective sentence of thirty years.[2] This thirty-year sentence was ordered to be served consecutively to a sentence in another case, the judgment for which is not in the record. The Petitioner was awarded 213 days of pretrial jail credit on all of the judgment forms except for one of the aggravated robbery convictions.

On October 21, 2019, the Petitioner filed a petition for writ of habeas corpus. According to the Petitioner, he is being illegally restrained because the "active and effective dates of [his] 20 year sentence . . . [needs] to be corrected in the Electronic Tennessee Offender Management Information System." The Petitioner contended that in some prior, unspecified proceeding in Shelby County in January and March of 2019, the judge "admitted" that the "active and effective dates" for each of his convictions was October 6, 1992. It appears that the Petitioner also contended that he should receive the benefit of 213 days of pretrial jail credit on each of his convictions. On October 28, 2019, the habeas corpus court summarily denied the petition, concluding that the Petitioner's sentences have not expired and are not illegal. The Petitioner filed a timely notice of appeal.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The petitioner bears the burden of showing by a preponderance of the evidence that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to

---

[2] In its motion, the State incorrectly asserts that the Petitioner received a total effective sentence of 40 years because the judgment form for the especially aggravated robbery conviction states that it is to run consecutively to two sets of case numbers. However, those case numbers represent his eleven aggravated robbery convictions, which are to be served concurrently with each other as reflected on those judgments and the associated plea petitions.

indicate that it is void, the court may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

On appeal, the Petitioner reiterates his claim that his 1992 robbery judgments were "active and effective on October 6, 1992" and that he "has a constitutional right to have these days/dates written on these twelve judgments enforced" "by the court, the Respondents, and by the Department of Correction." As support, the Petitioner cites statutory and case law regarding the mandatory award of pretrial jail credit. *See* T.C.A. § 40-23-101; *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *1 n.2 (Tenn. Crim. App. Oct. 29, 2014), *aff'd*, 479 S.W.3d 200 (Tenn. 2015); *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *2 (Tenn. Crim. App. July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). The State responds that the Petitioner is not entitled to pretrial jail credit on consecutive sentences and that the Petitioner's total effective sentence has not expired.

Although his argument is somewhat confusing, it appears that the Petitioner is arguing that his twelve sentences imposed in 1992 should be served concurrently because they have the same "active and effective date" of October 6, 1992. However, the judgment forms and plea petitions for the Petitioner's convictions clearly indicate that the Petitioner's twenty-year sentence for especially aggravated robbery was ordered to be served consecutively to his concurrent ten-year sentences for aggravated robbery as well as consecutively to an unknown sentence in a prior case from 1991. The Petitioner refers to a "recent disposition" in Shelby County in January and March of 2019 in which the judge supposedly ruled that all of the Petitioner's sentences were "active and effective on October 6, 1992." However, the only documentation submitted by the Petitioner supporting this contention is a document entitled "Disposition Events," which shows the date he pled guilty, the date he was sentenced, and the dates on which several motions to correct an illegal sentence were "Dismissed/Denied." Nothing about this documentation indicates that the Petitioner's sentences were amended to be served concurrently.

Additionally, although the State is correct that the Petitioner is not entitled to 213 days of pretrial jail credit on his twenty-year sentence for especially aggravated robbery, it is not clear from the record before this Court whether the Petitioner received a duplicate award of 213 days of credit or whether he is arguing that he should receive duplicate credit. As this Court has held, "a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence." *Calvin Reeves v. State*, No. M2017-00042-CCA-R3-PC, 2018 WL 272500, at *4 (Tenn. Crim. App. Jan. 3, 2018) (citing cases), *no perm. app. filed*. The judgment forms for the Petitioner's especially aggravated robbery conviction and ten of his eleven convictions for aggravated

robbery include a designation of 213 days of pretrial jail credit, while the judgment form for the aggravated robbery conviction in case number 92-07664 states, "Does not receive credit on this docket. Credit was given on other dockets." Regardless of this lack of clarity, neither the failure to award pretrial credit nor the erroneous awarding of duplicate credit renders a sentence illegal. *See State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015) (holding that the failure to award pretrial jail credit does not render the sentence illegal); *Calvin Reeves*, 2018 WL 272500, at *4 (citing *Dericko Jackson v. Michael Donahue, Warden*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at *4 (Tenn. Crim. App. May 30, 2014), *perm. app. denied* (Tenn. Oct. 15, 2014)) (holding that the erroneous award of duplicate pretrial jail credit does not render a sentence illegal).

Nothing in the record before this Court indicates that the Petitioner's sentence for his especially aggravated robbery conviction is illegal or has expired. Therefore, we affirm the judgment of the habeas corpus court.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE